Michael A. Strauss (State Bar No. 246718)
mike@strausslawyers.com
Aris E. Karakalos (State Bar No. 240802)
aris@strausslawyers.com
Andrew C. Ellison (State Bar No. 283884)
andrew@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 N. Fir St., Suite F
Ventura, California 93001
Telephone: (805) 641.6600
Facsimile: (805) 641.6607

Attorneys for Plaintiffs Kyle Jensen and Christopher Beatty

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JENSEN, an individual; CHRISTOPHER BEATTY, an individual; for themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECORP INDUSTRIES, a Louisiana partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

**COMPLAINT**

## PRELIMINARY STATEMENT

1. Plaintiffs are employees of Defendant Secorp Industries, a Louisiana Partnership (herein "Secorp") and Does 1 through 100, inclusive (herein, Secorp and Does 1 through 100, inclusive, are collectively referred to as "Defendants"), and bring this action on behalf of themselves and other individuals similarly situated. This is an action for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 207 *et seq.* Venue lies within this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff Kyle Jensen is an employee of Defendants.

4. Plaintiff Christopher Beatty is a former employee of Defendants.

5. Plaintiffs reside and performed work for Defendants in the Central District of California.

6. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, who are non-exempt employees of Defendants due compensation under the overtime provisions of the FLSA, 29 U.S.C. § 207 *et seq.* The amount of wages due each employee may vary.

7. Those individuals constitute a well-defined community of interest in the questions of law and fact in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated. Thus, the named Plaintiffs will adequately reflect and represent the interests of those similarly situated and have retained counsel competent and experienced in class action and FLSA litigation.

8. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set

forth herein.

9. Pursuant to 29 U.S.C. sections 216(b) and 256, the named Plaintiffs herein have executed and hereby filed with the Court their consents in writing to become party Plaintiffs in this action, which are appended hereto collectively as **Exhibit A**. When other individuals similarly situated join this action, their consents will be filed with the Court. These written consent forms set forth each such person's name and intent to be a party to this lawsuit.

10. Defendant Secorp Industries is a Louisiana partnership that does business and maintains an office in the County of Ventura, California, located at 2550 Eastman Ave, No. 3, Ventura, California 93003.

11. Defendant Secorp is an "employer" within the meaning of 29 U.S.C. § 203(d) and an "enterprise" under 29 U.S.C. § 203(r).

12. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

13. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

**FACTS**

14. Defendants provide services to drilling operations off the California coast, including on fixed oil platforms on the Outer Continental Shelf. Defendants employ hourly employees who work on these oil platforms and travel between them when necessary. Defendants mandate that these hourly workers perform their work in "hitches," which are multiple-day shifts (typically seven days in length).

15. Plaintiffs and their co-workers were emergency medical technicians and paramedics who performed additional duties that included monitoring safety equipment

and dispatching boats and helicopters. Although Plaintiffs and their co-workers worked 12-hour shifts each day during their hitch, they always remained on call and responsible to attending to emergency medical issues, alarms, and dispatching duties that arose during and after their scheduled shifts.

16. Each of the Plaintiffs and their co-workers was typically the sole person performing these duties at any given time on their assigned oil platform. Each of the Plaintiffs and their co-workers was confined to his or her assigned oil platform for the duration of his or her hitch, although sometimes they had to travel to a different platform to attend to their duties as a result of that platform not having on its staff an employee with their duties.

17. Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Collective is defined as: "Each and every current and former hourly employee of Secorp Industries ("Secorp"), who, at any time between February 9, 2015 and the present, worked a multi-day hitch for Secorp on an oil platform off any coast of the United States."

18. Defendants failed to compensate Plaintiffs and the FLSA Collective for all hours they were on their assigned platforms, since Plaintiffs and the FLSA Collective were always on call, both during and after their scheduled 12-hour shifts, as alleged herein. During this on-call time, Plaintiffs and the FLSA Collective were engaged to wait, and thus their on-call time was compensable hours worked under the FLSA. Despite all their time being compensable, Defendants only paid Plaintiffs and the FLSA Collective the equivalent of 13 hours of pay each workday, leaving the remaining 11 uncompensated at overtime rates.

19. Defendants also failed to compensate Plaintiffs and the FLSA Collective at the correct overtime rate of pay for overtime hours worked because Defendants failed to include the following in their regular hourly rates of pay:

    a. Compensation for meals provided by the employer;

    b. Compensation for lodging provided by the employer; and

c. Any other remuneration still unknown that was provided by the employer.

20. All the above behaviors and actions were knowing, intentional and willful on the part of Defendants.

21. Defendants knew that Plaintiffs and the FLSA Collective performed work that required the payment of wages for all time spent on call and the calculation of overtime rates to include the value of all remuneration received including meals and lodging.

22. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compute and compensate all hours worked by not including the value of these remunerations in their overtime rate.

23. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Premium Wages (29 U.S.C. § 207(a))*

**(Action Brought by Plaintiffs on Behalf of Themselves**

**And the FLSA Collective Against All Defendants)**

24. Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

25. Federal law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of 40 hours in one week. 29 U.S.C. § 207(a). Such overtime pay must be equal to or exceed a rate of 1.5 times the employee's regular rate

of pay. To calculate the "regular rate" of pay under federal law, all remuneration received by an employee in a workweek in which overtime is not worked is included in the calculation. 29 U.S.C. § 207(e). The reasonable cost of meals and lodging provided to employees in addition to their wages must be included in the employees' regular rate of pay for the purpose of calculating overtime wages under section 207. 29 C.F.R. § 778.116.

26. Plaintiffs and the FLSA Collective regularly worked hours for which they were not paid the overtime premium wages under federal law. Defendants violated the FLSA's overtime provisions in numerous respects, including but not limited to the following:

    a. Failing to compensate Plaintiffs and the FLSA Collective at the proper overtime rate for all hours worked in excess of forty (40) in a workweek for the following categories of hours worked:

        i. Time spent on the employer's premises due to the reasonable inability to leave;

        ii. Time spent on-call on the employer's premises and engaged to wait as those terms are defined by federal regulations and case law;

        iii. Time spent donning, doffing, and retrieving job-related protective gear (such as fire-retardant clothing) before and after working their 12-hour shifts;

        iv. Time spent "handing off" a shift to the relief employee and/or receiving such a hand-off from the employee who was relieved;

        v. All time spent traveling to and back from shore, including but not limited to time spent waiting for the ship to take them to the platform or back to shore;

        vi. All time spent responding to alarms and drills or other calls to muster after hours; and

    b. Failing to compensate Plaintiffs and the FLSA Collective at the correct overtime rate of pay for overtime hours worked because Defendants failed to

6
COMPLAINT

include the following in the FLSA Collective's regular hourly rates of pay:

      i.      Compensation for performance-related bonuses;

      ii.     Compensation for meals provided by the employer; and

      iii.    Compensation for lodging provided by the employer.

27. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that Plaintiffs are entitled to damages equal to the amount of overtime premium pay within the statutory period, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

28. This FLSA claim relates back to the February 9, 2018 filing of Plaintiffs' original complaint in the action entitled *Jensen v. Safety Equip. Corp.*, Ventura County Superior Court case number 56-2018-00507974-CU-OE-VTA (later removed to the Central District as case number 2:18-CV-02890-RGK-GJS), which alleged overtime violations under California law under the same set of operative facts as those which form the basis for Plaintiffs' FLSA overtime claim. Defendants had notice of the existence of potential overtime claims and are not prejudiced by having to gather and preserve any new evidence as a result of the instant FLSA claim. Plaintiffs acted reasonably and in good faith in pursuing their state overtime claims, because no court had ever held that state overtime claims do not apply to work performed on the outer continental shelf, and Plaintiffs gave notice of the existence of their overtime claims within the statutory period, which alerted Defendants to the need to begin investigating the facts that form the basis for this FLSA claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the FLSA Collective demand judgment against Defendants, and each of them, as follows:

1. For all overtime wages owed pursuant to 29 U.S.C. § 207;

2. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper;

3. For attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

4. For an award of prejudgment interest;

5. For leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. For costs of suit; and

7. For any other and further relief that the Court considers just and proper.

DATED: September 13, 2019          **STRAUSS & STRAUSS, APC**

By: */S/ Michael A. Strauss*
Michael A. Strauss
Aris E. Karakalos
Andrew C. Ellison
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs Kyle Jensen and Christopher Beatty hereby demand a trial by jury.

DATED: September 13, 2019                **STRAUSS & STRAUSS, APC**

By: */S/ Michael A. Strauss*
Michael A. Strauss
Aris E. Karakalos
Andrew C. Ellison
Attorneys for Plaintiffs