JS-6

NOTE CHANGES MADE BY THE COURT

Link to [45]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JENSEN, an individual; CHRISTOPHER BEATTY, an individual; for themselves and those similarly situated, | Case No2:19-cv-07980-MWF-(SKx) **(FLSA CLAIMS)** |
| Plaintiffs, | 2:18-cv-02890-RGK-GJS **(RULE 23 CLAIMS)** **(CONCURRENTLY RESOLVED)** |
| v. | *Hon. R. Gary Klausner* |
| SECORP INDUSTRIES, a Louisiana partnership; and DOES 1 through 100, inclusive, | CLASS ACTION |
| | [~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, PAGA SETTLEMENT, ATTORNEYS' FEES, AND SERVICE AWARDS |
| Defendants. | DATE:     MAY 24, 2021 TIME:      9:00 A.M. PLACE:   ROYBAL FEDERAL BUILDING AND U.S. COURTHOUSE, 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012, COURTROOM 850, 8TH FLOOR |

Before the Court is the Plaintiff's Motion for Final Approval of Class and Collective Action Settlement, PAGA Settlement, Attorneys' Fees and Service Award.

-1-

Plaintiffs Kyle Jensen and Christopher Beatty ("Plaintiffs") and Defendant Secorp Industries, ("Defendant") executed a Stipulation of Settlement and Release on September 9, 2020 ("Settlement").

On January 6, 2021, this Court entered an Amended Order:

 i. conditionally certifying a rule 23 Class consisting of: "all current and former hourly employees of Defendant, who worked for Defendant on oil platforms off the California coast for shifts of 12 hours or more from February 9, 2014 through the date of preliminary approval.

 ii. An FLSA Collective consisting of: "all current and former hourly employees of Defendant, who worked a multi-day hitch for Defendant on an oil platform off any coast of the United States between September 13, 2016 and the date of preliminary approval, who consent to become party plaintiffs to the Fair Labor Standards Act collective action by submitting a form so indicating.

 iii. preliminarily approving the proposed Settlement as fair, reasonable, and adequate; (iii) directing the parties to notify the Certified Class of the contemplated Settlement with the option of excluding themselves; and (iv) scheduling a final fairness hearing to determine whether the Settlement should be finally approved.

CM/ECF Docket No. 44.

The final fairness hearing was held on May 24, 2021.  The Court, having heard all persons properly appearing and timely requesting to be heard, having considered the Settlement and the papers submitted in support thereof, and having considered the oral presentations of counsel and all applicable law, concludes that the Settlement is fair, reasonable, and adequate, and should be finally approved; that Class Counsel should be awarded ~~$70,000~~ $60,000 in attorneys' fees sought, and $8,347 in costs incurred; that Plaintiff Kyle Jensen should be awarded a Service Award of $6,000 and Plaintiff Christopher Beatty should be awarded $4,000 for their efforts in securing this Settlement; and that

Phoenix Class Action Administration Solutions should be awarded $7,950 for their costs in administering this Settlement.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Judgment incorporates by reference the definitions in the Settlement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Certified Class.

3.      All Parties are bound by this Final Judgment and Order of Dismissal with Prejudice and by the Settlement.

4.      The parties shall comply with the terms and conditions of the Settlement and of the Final Approval Order.  Defendant Secorp Industries shall pay the Settlement funds through the procedure described in the Settlement.

5.      The Notice Packet fairly, and accurately informed all California Class and FLSA Class Members of the material elements of this Action and the proposed Settlement and constituted: (i) the best practicable notice; and (ii) notice that was reasonably calculated, under the circumstances, to apprise members of the Certified Class of the pendency of this Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the fairness hearing.

6.      The Court finds that the notice given pursuant to the Settlement was proper. In accordance with the January 6, 2021 Preliminary Approval Order, potential Class Members have been given notice of the terms of the Settlement and the opportunity to object as well as to submit any dispute concerning the basis for their estimated individual settlement shares.  The California Class Members have been given notice and the opportunity to exclude themselves from the Settlement.  The FLSA Collective members have been notice and the opportunity to opt-in to the Settlement.

7.      This Order shall be binding on Plaintiffs and California Class Members, as no member of the California Class sought to be excluded from the Settlement.  This Order

THE

shall be binding on Plaintiffs and those members of the FLSA Collective who affirmatively indicated their intention to release their claims under the FLSA by timely submitting an FLSA Opt-In Form in the manner described by the Settlement.  These individuals are referred to herein as Claimants.  The Claimants hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties (as defined in the Settlement) of and from any and all Released Claims (as defined in the Settlement).

8.      The Court approves the following payments, after which the remaining settlement funds shall be distributed to the Certified Class pursuant to the terms of the Settlement and Final Approval Order:

- Plaintiff Kyle Jensen (as a Service Award): $6,000.00;
- Plaintiff Christopher Beatty (as a Service Award): $4,000.00;
- Class Counsel (as attorney's fees): $60,000.00 $70,000.00;
- Class Counsel (as litigation costs and expenses): $8,240.00; and
- Phoenix Class Action Administration Solutions (for claims administration fees): $7,950.00.

9.      Except as to any individual claim of those persons who have validly and timely requested exclusion from the California Class, or members of the FLSA Collective who failed to opt-in to the FLSA Class, the Action is dismissed with prejudice.

10.     Upon the Effective Date, all Released Claims of each Claimant are and shall be deemed to be conclusively released as against Defendant.

11.     Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administrating the Settlement therein.

//

12.     In the event that the Settlement does not become effective in accordance with its terms or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

13.     Plaintiff, the Certified Class, and Defendant are denied all relief not expressly granted by this Judgment.

14.     This Final Order and Judgment shall not be construed as a finding of the Court concerning, or evidence of any admission by the Parties concerning: (i) any liability, fault, or wrongdoing by Defendant; (ii) the existence of any defense to Plaintiff's claims or the claims of any member of the Certified Class; (iii) the appropriateness of any measure of alleged damages; and (iv) the propriety of class certification, other than certification for purposes of settlement only.

15.     ~~Entry of this Judgment shall become effective only *after* the Settlement has been fully funded.~~

16.     ~~Therefore, the Clerk of the Court is expressly directed enter this Final Judgment and Order of Dismissal with Prejudice, on or after _____, 2021 unless otherwise ordered, to allow time for the Settlement to be effectuated prior to entry of the dismissal.~~ This case is dismissed. The Court will retain jurisdiction to enforce the settlement.

**IT IS SO ORDERED.**

Dated:  __August 13__, 2021

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND JUDGMENT, ATTORNEYS' FEES AND SERVICE AWARD**